UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In re:                                              )
                                                    )
JAMES MICHAEL HARRISON,          )        Case No. 09-51072
                                                    )
        Debtor.                                )

## ORDER AND OPINION

This matter came before the court on January 12, 2010 in Winston-Salem, North Carolina upon a motion to dismiss pursuant to § 707(b) of the Bankruptcy Code filed by the United States Bankruptcy Administrator (hereinafter the "Bankruptcy Administrator").  J. Stephen Gray appeared on behalf of the Debtor and Robert E. Price, Jr. appeared on behalf of the Bankruptcy Administrator.  Having considered the evidence offered by the parties and the arguments of counsel, this Court hereby makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## FINDING OF FACTS

James Michael Harrison (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 27, 2009. The Debtor listed primarily consumer debts on his schedules, consisting of unsecured indebtedness of $172,728.47, a mortgage totaling $96,974, and a vehicle lien totaling $14,401. The Debtor is married with a non-filing spouse. The Debtor has been employed by Rack Room Shoes, Inc. for sixteen years and earns a net monthly income of $2,648.13.  The Debtor's Amended Schedule J shows monthly expenses of $4,456.57, and he has two dependents, ages twelve and five.

The Debtor's bankruptcy was mainly the result of credit card debt that accumulated over

1

time. There has been no job loss, medical debt, or sudden calamity; the bankruptcy is simply a situation in which the debtor was spending monies in excess of his income. The Debtor has not received an annual raise or a bonus since 2008 due to the state of the economy and the poor performance of his company. He testified that when the credit card companies increased the minimum monthly payments, he did not have sufficient funds to pay these minimums. In the spring of 2007, the Debtor initially borrowed approximately $7,000 from his 401k in order to keep up with his monthly household expenses. In July of 2008, the Debtor borrowed an additional $25,000 from his 401k in an attempt to keep his monthly credit card payments current. In the spring of 2009, the Debtor used the proceeds from this larger loan to pay off the initial, smaller 2007 loan, however, the larger 401k loan of $25,000 remains outstanding. Based on the Debtor's testimony, this loan has approximately 4 years to run, and he is currently contributing $481 per month towards repayment.

The Debtor's B22A filed with the petition states that the Debtor has an above median household income of approximately $6,242 per month. The Debtor deducted $610.64 for "other Necessary Expenses: taxes," $150 for "other Necessary Expenses: telecommunications services" on Line 32, and $481 for a retirement loan as a secured claim. After these deductions, the Debtor listed his monthly disposable income to be -$28.64, such that he claimed that the presumption of abuse did not arise.

The Debtor's Section 341 Meeting of Creditors was held June 19, 2009. On June 29, 2009, the Bankruptcy Administrator, as required by 11 U.S.C. § 707(b)(1)(A) reviewed all the materials filed by the Debtor and subsequently filed a Statement of Presumed Abuse. This Statement of Presumed Abuse set forth the Bankruptcy Administrator's determination that, after

considering the Debtor's materials in reference to the criteria set forth in 11 U.S.C. § 707(b)(2)(A) and pursuant to 11 U.S.C. § 704(b)(2), that (1) the Debtor's case should be presumed to be an abuse under § 707(b); and (2) the product of the debtor's current monthly income, multiplied by 12, is not less than the requirements specified in § 704(b)(2)(A) or (B). Thereafter, on July 27, 2009, the Bankruptcy Administrator filed a motion to dismiss pursuant to § 707(b)(2) or, in the alternative, § 707(b)(1) and (b)(3), asserting that under the totality of the circumstances in the case, granting the Debtor a Chapter 7 discharge would be a substantial abuse of the provisions of the Code.

On August 3, 2009, the Debtor filed a number of amended documents: the Debtor amended Schedule B to disclose that his wife held the proceeds of a retirement loan, $5,000, in a separate bank account; the 401(k) loan in the amount of $23,000 was added as a priority claim on Schedule E; Schedule I was amended to add his wife's net income of $1,600, reducing the negative excess income on Schedule J to -$208.44. Also on August 3, 2009, the Debtor filed an Amended B22A in which the Debtor increased the childcare deduction to $175 from $150, eliminated the telecommunications deduction, and re-designated the $481 401(k) deduction as an "Other Necessary Expense: involuntary deductions from employment." The net result of these changes was to increase the Debtor's monthly disposable income to $136.36.

## DISCUSSION

Section 707(b) of the Bankruptcy Code provides that the court may dismiss a case filed by an individual debtor under Chapter 7 whose debts are primarily consumer debts if that court finds the granting of relief would be a substantial abuse of the Bankruptcy Code. 11 U.S.C. § 707(b). Section 707(b) is designed to prevent abuses of the bankruptcy system. *In re Rodriguez*,

228 B.R. 601,603 (Bankr. W.D. Va. 1999). In this case, over 50% of the debts are consumer debts, not incurred with a profit motive or in connection with a business transaction, and as such, this case qualifies under Section 707(b). *See In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996).

The Bankruptcy Administrator moves the Court for dismissal of this Chapter 7 case due to presumed abuse under 11 U.S.C. § 707(b)(2). 11 U.S.C. § 707(b) of the Bankruptcy Code primarily provides a mechanism by which a presumption of abuse arises if a mathematical formula set out in the statute, referred to as the "means test," yields a minium amount of monthly disposable income. *Lynch v. Haenke*, 395 B.R. 346, 347-348 (Bankr. E.D.N.C. 2008). The means test calculates the debtor's current monthly income ("CMI"), as defined under 11 U.S.C. § 101(10A), based on the debtor's average income for the six months preceding the month of the bankruptcy filing. *Id.* If the debtor's monthly disposable income, after reducing the CMI by defined allowances for living expenses and payment of secured and priority debt, is more than a particular amount, the presumption of abuse arises. *Id.* (citing Eugene R. Wedoff, *Means Testing in § 707(b), 79* AM. BANKR.L.J. 231, 231-32 (2005)).

In this case, the Bankruptcy Administrator asserts that the Debtor's 60-Month disposable income is in excess of $10,950 based on the fact that the Debtor may not deduct his 401(k) loan repayment on the means test. This Court agrees with the Bankruptcy Administrator. The Debtor initially attempted to classify the retirement loan payment as a secured claim for deduction on the means test. However, the great weight of authority holds that the repayment of loans from a 401(k) plan cannot be deducted on the means test based upon the fact that the 401(k) payment is not a payment on a secured claim as a debtor's obligation to repay a loan from a qualified retirement plan is not a "debt" pursuant to the Code. *See, e.g., Bolen v. Adam,* 403 B.R. 396, 400

(Bankr. N.D. Miss. 2009), *In re Vallarie*, 648 F.2d 810, 198 (2nd Cir. 1981), *In re Devine*, 1998 WL 386380, at *9 (Bankr. E.D. Pa. July 7, 1998). *See also McVay v. Otero*, 371 B.R. 190, 195 (W.D. Tex. 2007) ("There is a clear consensus that an individual's pre-petition borrowing from his retirement account does not give rise to a secured or unsecured 'claim,' or a 'debt' under the Bankruptcy Code.") (citation omitted).  Therefore, the deduction of 401(k) repayments on the means test is improper on Line 42 on Form B22C.

On August 3, 2009, the Debtor amended the B22 and re-designated the $481 401(k) deduction as an "Other Necessary Expense: involuntary deductions from employment." The Bankruptcy Administrator also argues that a 401k loan repayment is not an involuntary deduction from employment for the purposes of the means test. Most courts, in considering the issue of whether to disallow a 401(k) loan repayment as an expense for the purposes of the Means Test, disregard whether the debtor, as here, characterizes the 401(k) payment as a mandatory payroll deduction or seeks to exclude it as a payment on a secured claim.  *See, e.g., In re Koch* 408 B.R. 539, 542-542 (Bankr. S.D. Fla. 2009); *In re Lenton,* 358 B.R. 651, 658 (Bankr. E.D. Pa. 2006) (denying the deduction on the basis that "repayment of loans from voluntary retirement accounts through mandatory payroll deduction does not meet the necessary expense test under the IRS Manual, the standard adopted by the means test," and noting the fact that a debtor took a loan under terms that mandate repayment by payroll deduction does not change the nature of the funds when the debtor repays them).  The Court, therefore, agrees that the deduction of $481 for the retirement loan on the Debtor's means test was improper in this case.

Upon disallowing this deduction, Debtor's monthly disposable income on the Form B22A means test should be at least $617.36, and the presumption of abuse under § 707(b)(2)

does arise. The Debtor may only rebut the presumption of abuse only if special circumstances can be demonstrated as set forth in 11 U.S.C. § 707(b)(2)(B). The Debtor, in this case, has failed to demonstrate such special circumstances to rebut the presumption of abuse.

## **CONCLUSION**

Having considered the facts and evidence presented in this case, the Court concludes that the granting of relief would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code and that this case should either be converted to Chapter 13 within 10 days of the entry of this order or dismissed pursuant to § 707(b)(2).

IT IS SO ORDERED.

# SERVICE LIST

James Michael Harrison
Debtor

J. Stephen Gray
Attorney for Debtor

Robert E. Price, Jr.
c/o Michael D. West
U.S. Bankruptcy Administrator

Edwin H. Ferguson, Jr.
Trustee